UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER ABREAU-PEREZ,

    Petitioner,

v.                                              Case No. 8:15-cv-2903-CEH-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and a memorandum in support (Doc. 2). This action was stayed to allow Petitioner an opportunity to exhaust his state remedies (Doc. 13). The stay was lifted (Doc. 42), and Petitioner filed an "Amended Claim" (Doc. 41). Respondent filed a response opposing the petition and the Amended Claim (Doc. 47), to which Petitioner replied (Doc. 52). Upon consideration, the petition and Amended Claim will be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of possession of cocaine (count one), trafficking in Oxycodone (count two), and conspiracy to traffic in Oxycodone (count nine) (Doc. 47-

2, Exs. 7, 14, 17).[1] He was sentenced to five years in prison on count one and fifty years in prison with a twenty-five-year minimum mandatory term on both count two and count nine (all sentences concurrent) (*Id.*, Ex. 16 at pp. 440-41; Ex. 17). The state appellate court affirmed his convictions and sentences (*Id.*, Ex. 22).

Before filing his petition in this Court in December 2015, Petitioner filed in state court two petitions alleging ineffective assistance of appellate counsel (*id.*, Exs. 25, 39), and a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (*id.*, Ex. 29), which were denied (*Id.*, Exs. 26, 32, 40). Although he also filed a motion challenging the amount of a fine imposed against him (Doc. 47-3, Ex. 48), nothing in the record reveals the state court ruled on that motion.

After filing his federal habeas petition, Petitioner filed a second Rule 3.850 motion in state court in which he presented the same four claims of ineffective assistance of counsel that he raised in his federal habeas petition (*Id.*, Ex. 49). The state post-conviction court dismissed the three claims of ineffective assistance of trial counsel as untimely and successive and dismissed the claim of ineffective assistance of appellate counsel without prejudice because the claim was not cognizable in a Rule 3.850 motion (*Id.*, Ex. 50). The dismissal of the Rule 3.850 motion was affirmed on appeal without a written opinion (*Id.*, Ex. 53).

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Petitioner filed another petition in the District Court of Appeal in which he raised the same claim of ineffective assistance of appellate counsel that he had raised in his Rule 3.850 motion (*Id.*, Ex. 56). The petition was dismissed as untimely (*Id.*, Ex. 57).

Petitioner filed a third Rule 3.850 motion alleging newly discovered evidence (*Id.*, Ex. 58). The state post-conviction court denied the claims in the 3.850 motion as untimely and successive (*Id.*, Ex. 59). The denial of the Rule 3.850 motion was affirmed on appeal (*Id.*, Ex. 62). Then Petitioner filed a petition for a writ of habeas corpus alleging an unlawful arrest and ineffective assistance (*Id.*, Ex. 64). The state court found the claims were not cognizable in a petition for a writ of habeas corpus and therefore construed the petition as another Rule 3.850 motion and denied the motion as untimely and successive (*Id.*, Ex. 66). The denial of the construed Rule 3.850 motion was affirmed on appeal (*Id.*, Ex. 72).

Finally, Petitioner filed another petition for a writ of habeas corpus in which he asserted the Amended Information was insufficient as to count nine because it failed to name Petitioner's co-conspirators, and there was insufficient evidence to support the conviction on count nine (*Id.*, Ex. 74). Again, the state court found the claims were not cognizable in a habeas petition and therefore treated the petition as another Rule 3.850 motion and denied it as untimely and successive (*Id.*, Ex. 75). The denial of the Rule 3.850 motion was affirmed on appeal (*Id.*, Ex. 81). Petitioner raises these claims in his amendment (Doc. 41) to his petition.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir.2003).

A. Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845; *Picard*, 404 U.S. at 277–78. A claim not presented to the state court that can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839–40, 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir.1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326–27 (11th Cir.1998) (holding that federal habeas courts should enforce applicable state procedural bars even on claims that were never presented to the state courts). A claim is also considered procedurally defaulted if presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734–35 and n. 1 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247

(11th Cir.2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir.2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir.2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424–25 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir.1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips,* 7 F.3d 206, 210 (11th Cir.1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The miscarriage-of-justice exception requires the petitioner to show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). "To establish the requisite probability, the petitioner

must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . . To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id*. at 324.

B. Ineffective Assistance of Counsel

Petitioner alleges claims of ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires showing deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Petitioner must show that counsel's alleged error prejudiced the defense, because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## III. ANALYSIS

**GROUND ONE: WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S CHARGING INSTRUMENT OR MOVE FOR A DISMAL (sic), PROPERLY, AS TO COUNT NINE CONSTITUTES A DUE PROCESS VIOLATION (Doc. 1 at 5-7)**

Petitioner contends that trial counsel was ineffective in failing to object to the Amended Information or move to dismiss count nine, which charged Petitioner with conspiracy to traffic in illegal drugs. He argues that the Amended Information was "insufficient" because it failed to identify the person or persons with whom he conspired and because there was insufficient evidence of a conspiracy. Respondent argues that the claim is procedurally barred from review (Doc. 47 at 8-11). The Court agrees.

Petitioner raised this claim in his April 2016 Rule 3.850 motion (Doc. 47-3, Ex. 49 at 27-28). The state post-conviction court, however, denied the claim as untimely and successive (*Id*., Ex. 50). In doing so, the state post-conviction court applied a regularly followed procedural default principle. *See Siebert*, 455 F.3d at 1271 (a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question and whether that rule is "firmly established and regularly followed"); Fla.R.Crim.P. 3.850(b) (providing a two-year limitations period); Fla.R.Crim.P. 3.850(h) (barring the filing of second or successive post-conviction motions); *Durkin v. Sec'y, Fla. Dep't of Corr.,* 2013 WL 6768332, at *28 (N.D. Fla. December 20, 2013) ("Florida's rule prohibiting the filing of untimely and successive

- 7 -

postconviction motions is firmly established and regularly followed."). Thus, this claim is procedurally barred for purposes of federal habeas review.

Petitioner contends that the procedural default of this claim was due to his ignorance of the law and reliance on an unskilled prison law clerk (Doc. 1 at 8). But his lack of understanding of the law and reliance on a prison law clerk does not amount to cause and prejudice sufficient to overcome the procedural default. *See Harmon v. Barton*, 894 F.2d 1268 (11th Cir.1990) (ignorance of the law fails to establish cause for a procedural default); *Toole v. McDonough*, 379 F. App'x 883, 885 n.5 (11th Cir.2010) (rejecting petitioner's contention that his *pro se* status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.1990) (misadvice from inmate law clerks during collateral proceedings does not establish cause).

If Petitioner seeks to excuse the procedural bar under *Martinez v. Ryan*, 566 U.S. 1 (2012), *Martinez* held that a petitioner may establish cause for the default of a claim of ineffective assistance of trial counsel where (1) "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective," and (2) the defaulted claim is a "substantial one," meaning that "the claim has some merit." *Martinez*, 566 U.S. at 14, 17. A petitioner shows that his defaulted claim is "substantial" under *Martinez* by demonstrating that "reasonable jurists 'would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir.2021) (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269–70 (11th Cir.2014)).

*Martinez* does not excuse the default of Ground One because the underlying ineffective-assistance claim is not "substantial." *Martinez*, 566 U.S. at 14. For purposes of deciding whether to dismiss an indictment or information, Florida courts do not "consider the . . . sufficiency of the evidence upon which an indictment or information is based." *Murray v. State*, 3 So. 3d 1108, 1118 (Fla. 2009) (citation omitted). And in Florida, the State need not name the co-conspirators in the charging document because "a defendant charged with conspiracy may be convicted of conspiring with persons whose names are unknown . . . ." *O'Connor v. State*, 590 So. 2d 1018, 1020 (Fla. 5th DCA 1991) (citing *State v. Rodriguez–Jimenez*, 439 So.2d 919 (Fla. 3d DCA 1983)). *See also United States v. Wright*, 825 F. App'x 676, 679 (11th Cir.2020) ("Wright's indictment was sufficient as to the conspiracy charge even though it did not specify a location narrower than the Middle District of Florida and *did not list his co-conspirators by name*.") (emphasis added).

Because an objection to or a motion to dismiss the Amended Information on these grounds would have been meritless, counsel was not ineffective in failing to make the objection or motion. *See Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir.2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . .") (citation omitted). Therefore, Petitioner's ineffective-assistance claim is not substantial under *Martinez*, and Ground One is barred from federal habeas review.

**GROUND TWO: WHERE TRIAL COUNSEL FAILED TO PROPERLY OR EFFECTIVELY OBJECT TO THE DEFECTIVE JURY INSTRUCTION AS GIVEN ON COUNT NINE CONSTITUTE (sic) A DUE PROCESS VIOLATION (Doc. 1 at 9-10)**

Petitioner contends that trial counsel was ineffective in failing to object to the jury instruction on count nine (the conspiracy count). He argues that the jury instruction was incomplete because it did not name a specific person as his co-conspirator (Doc. 2 at 6). Respondent argues that the claim is procedurally barred from review (Doc. 47 at 11-13). The Court agrees.

Petitioner raised this claim in his April 2016 Rule 3.850 motion (Doc. 47-3, Ex. 49 at 28-29). The claim, however, was denied as untimely and successive (*Id.*, Ex. 50). Because the state post-conviction court applied a regularly followed procedural default principle, the claim is procedurally barred for purposes of federal habeas review.

As discussed above, Petitioner's contention that the procedural default of his claims was due to his ignorance of the law and reliance on an unskilled prison law clerk does not amount to cause and prejudice sufficient to overcome a procedural default. And *Martinez* does not excuse the default of Ground Two because the underlying ineffective-assistance claim is not "substantial." *Martinez*, 566 U.S. at 14.

Petitioner cannot show that counsel was ineffective in failing to object to the jury instruction because he fails to show the instruction was defective for omitting the name of the co-conspirator. He presents no law holding a jury instruction on conspiracy must always include the name of the defendant's co-conspirator. Indeed, "[t]he existence of the conspiracy agreement rather than the identity of those who agree is the essential

element to prove conspiracy." *United States v. Davis*, 679 F.2d 845, 851 (11th Cir.1982), *cert. denied*, 459 U.S. 1207 (1983). Although a jury instruction may be flawed if it allows the jury to convict the defendant of conspiring with anyone, where the charging document indicates the defendant had conspired with a named individual and did not charge conspiracy with any unnamed third person, *see, e.g.*, *Hernandez v. State*, 919 So. 2d 707, 710 (Fla. 5th DCA 2006), the Amended Information in Petitioner's case did not identify any individual with whom Petitioner conspired (Doc. 47-2, Ex. 7 at 37).

Because an objection to the jury instruction on this basis would have been meritless, counsel was not ineffective in failing to object. *See Freeman*, 536 F.3d at 1233. Thus, Petitioner's ineffective-assistance claim is not substantial under *Martinez*, and Ground Two is barred from federal habeas review.

**GROUND THREE: WHERE TRIAL COUNSEL FAILED TO OBJECT TO THE FOURTH AMENDMENT VIOLATION CONSTITUTES A DUE PROCESS VIOLATION (Doc. 1 at 10-14)**

Petitioner contends that trial counsel was ineffective in failing to move to suppress evidence seized during a search of a vehicle. He argues that the vehicle search was illegal because no warrant was obtained, and the owner did not permit officers to search the vehicle. He asserts that the officers searched the vehicle because he had been riding in it or because another passenger, Ronald Mollinger, fled when the officers arrived. Respondent argues that the claim is procedurally barred from review (Doc. 47 at 13-19). The Court agrees.

Petitioner raised this claim in his April 2016 Rule 3.850 motion (Doc. 47-3, Ex. 49 at 29-30). The claim, however, was denied as untimely and successive (*Id.*, Ex. 50).

- 11 -

Because the state post-conviction court applied a regularly followed procedural default principle, the claim is procedurally barred for purposes of federal habeas review.

As discussed above, Petitioner's contention that the procedural default of his claims was due to his ignorance of the law and reliance on an unskilled prison law clerk does not amount to cause and prejudice sufficient to overcome a procedural default. And *Martinez* does not excuse the default of Ground Three because the underlying ineffective-assistance claim is not "substantial." *Martinez*, 566 U.S. at 14.

Petitioner cannot show that counsel was ineffective because he fails to show there was a valid basis for suppressing the evidence. As a passenger in Corey Mathews' vehicle, Petitioner could not contest the vehicle search. *See Lewis v. United States*, 491 F. App'x 84, 85-86 (11th Cir.2012) ("The passenger of a vehicle may challenge the constitutionality of the vehicle's stop . . . . However, a passenger in a private car, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile, and, therefore, cannot contest the vehicle's search on Fourth Amendment grounds." (citing *Brendlin v. California*, 551 U.S. 249, 251 (2007); *Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978))). And since Mathews' vehicle was impounded (*see* Doc. 47-2, Ex. 11 at 261), the evidence likely would have been admissible because it would inevitably have been discovered during an inventory search. *See, e.g.*, *United States v. Johnson*, 811 F. App'x 564, 570 (11th Cir.2020) ("[T]]he discovery of the contraband inside the Mercedes was inevitable because the officers . . . determined that the car had to be towed and impounded, which would have triggered an inventory search and revealed its contents in any event . . . . Under the inevitable discovery exception to the

exclusionary rule, evidence obtained by unlawful means will still be admissible if the prosecution establishes by a preponderance of the evidence that the subject items ultimately would have been discovered by lawful means.").

Because a motion to suppress would have been meritless, counsel was not ineffective in failing to make the motion. *See Freeman*, 536 F.3d at 1233. Thus, Petitioner's ineffective-assistance claim is not substantial under *Martinez*, and Ground Three is barred from federal habeas review.

**GROUND FOUR: WHERE APPELLATE COUNSEL FAILED TO RAISE A PLAIN FACE ERROR CONSISTING OF A MANIFEST INJUSTICE CONSTITUTES A DUE PROCESS VIOLATION (Doc. 1 at 14)**

Petitioner contends that on direct appeal, appellate counsel was ineffective in failing to raise the issues that the Amended Information and the conspiracy jury instruction were defective for omitting the name of the individual with whom he conspired. Respondent argues that the claim is procedurally barred from review (Doc. 47 at 19-20). The Court agrees.

Petitioner raised these claims in his June 2016 petition alleging ineffective assistance of appellate counsel (Doc. 47-3, Ex. 56). The petition, however, was dismissed as untimely (*Id.*, Ex. 57). Because the state post-conviction court applied a regularly followed procedural default principle, the claim is procedurally barred for purposes of federal habeas review. *See* Fla.R.App.P. 9.141 (providing the procedural requirements for petitions alleging ineffective assistance of appellate counsel, including the time limits for petitioning); *Ramires v. Sec'y of Fla. Dep't of Corr.*, 2013 WL 2432937, at *17 (N.D. Fla.

June 4, 2013) ("The time limits set forth in Fla.R.App.P. 9.141 are firmly established and regularly followed . . . .").

Petitioner fails to allege cause and prejudice to overcome the procedural default. And *Martinez* does not apply to claims of ineffective assistance of appellate counsel. *Luciano v. Sec'y, Dep't of Corr.*, 701 F. App'x 792, 794 (11th Cir.2017) ("We have repeatedly underscored *Martinez*'s narrow scope, and emphasized that *Martinez* applies only to excusing a procedural default of ineffective-trial-counsel claims." (citing *Chavez v. Sec'y, Florida Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir.2014))). Consequently, Ground Four is barred from federal habeas review.

**GROUND FIVE (Amended Claim): PETITIONER'S CONVICTION FOR CT. 9 OF THE INFORMATION "CONSPIRACY TO TRAFFIC" IS A FUNDAMENTAL MISCARRIAGE OF JUSTICE FAILING TO CHARGE A CRIME OMITTING AN ESSENTIAL ELEMENT, IN VIOLATION OF U.S. CONST. 5TH, 6TH, 14TH AMENDMENT RIGHTS (Doc. 41)**

Petitioner contends that his conviction on count nine is a fundamental miscarriage of justice because the Amended Information omitted an essential element of the offense – the name(s) of his co-conspirator(s) – and the evidence was insufficient to establish a conspiracy. Respondent argues that the claim is procedurally barred from review (Doc. 47 at 20-21). The Court agrees.

Petitioner raised this claim in his April 2021 petition for a writ of habeas corpus (Doc. 47-3, Ex. 74). The state post-conviction court, however, found that the claim was not cognizable in a petition for a writ of habeas corpus because the claim should have been raised during the trial proceedings and on direct appeal (*Id.*, Ex. 75 at 320). Thus, under Florida law, the state post-conviction court treated the petition as a Rule 3.850

- 14 -

post-conviction motion and denied it as procedurally barred because it was untimely and successive (*Id.*, Ex. 75 at 320-21). Because the state post-conviction court applied a regularly followed procedural default principle, this claim is procedurally barred for purposes of federal habeas review. *See Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla. 1992) ("Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal."); *McKinney v. Jones*, 2017 WL 562422, at *7 (N.D. Fla. Jan. 9, 2017), *report and recommendation adopted*, 2017 WL 706617 (N.D. Fla. Feb. 21, 2017) ("The law relative to Rule 3.850 motions, and precedent holding that a habeas petition may not be used to raise claims that could and should have been brought on direct appeal or in a Rule 3.850 motion, are firmly established and regularly followed in Florida."); *Durkin,* 2013 WL 6768332, at *28 ("Florida's rule prohibiting the filing of untimely and successive postconviction motions is firmly established and regularly followed.").

Petitioner fails to allege cause and prejudice to overcome the procedural default. But he asserts he satisfies the miscarriage-of-justice exception to the procedural default because there was insufficient evidence to convict him of the conspiracy charge under count nine (Docs. 41, 52). The Court disagrees because legal insufficiency arguments do not satisfy the miscarriage-of-justice exception. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir.2011); *Hampton v. White*, 2021 WL 11728348, at *3 (M.D. Ga. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 11728334 (M.D. Ga. Mar. 9, 2021) ("[A]rguments regarding insufficient evidence are not enough to invoke the [miscarriage-of-justice] exception."); *Bailey v. Hays State Prison*, 2022 WL 22286885, at *3 n.2 (N.D.

Ga. July 7, 2022) ("In order to establish a miscarriage of justice to excuse a procedural default, a petitioner must present 'new reliable evidence' that 'was not presented at trial' to demonstrate that 'it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." (quoting *Schlup*, 513 U.S. at 324, 327)). Consequently, Ground Five is barred from federal habeas review.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) and Amended Claim (Doc. 41) are **DENIED**. The Clerk of the Court is directed to enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on February 24, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
            Counsel of Record